IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Virginia

WILLIS NORTH AMERICA INC.,

    Plaintiff,

v.                               Civil Action No. 3:10cv462

AARON S. WALTERS,

    Defendant.

## MEMORANDUM OPINION

Plaintiff, Willis North America Inc. ("Willis" or "the Plaintiff"), filed a MOTION TO ALTER OR AMEND THE JUDGMENT (Docket No. 24) and memorandum in support, on the grounds of a clear mistake of law pursuant to Federal Rule of Civil Procedure 59(e). Defendant Aaron S. Walters ("Walters" or "the Defendant") has responded, and the Plaintiff has filed a reply.

In its Memorandum Opinion of March 30, 2011, the Court ruled that it appeared to a legal certainty that the amount for which the Defendant could be liable and the Plaintiff could recover could not satisfy the required jurisdictional amount pursuant to 28 U.S.C. § 1332 and, on that basis, the Court dismissed this matter for lack of subject matter jurisdiction. In support of the present motion, Willis contends that the Court's decision and the conclusions reached therein constitute


"a clear error of law justifying alteration or amendment of the judgment." Pl's Mem. in Support, 1. Willis contends that "[t]he clear error of law is in the Court's holding that amounts withheld from wages erroneously paid to Walters are not amounts in controversy because Willis's supporting affidavit 'demonstrates conclusively that Walters did not receive the benefit of any of those withholdings.'" Pl's Mem. in Support, 2 (quoting in part Memorandum Opinion, March 30, 2011).

Although Federal Rule of Civil Procedure 59(e) does not itself provide a standard for altering or amending a judgment, the United States Court of Appeals for the Fourth Circuit has previously recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Sloas v. CSX Transp., Inc., 616 F.3d 380, 385 n.2 (4th Cir. 2010) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Willis contends that the third ground - clear error of law - is applicable here.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)(internal citation omitted). "Rule 59(e) does not provide

a party with a mechanism to just keep filing motions with new theories until it gets it right." Deutsche Nat'l Bank Trust Co. v. Batmanghelidj, 2007 WL 4125403, at 3 (E.D. Va. Nov. 19, 2007) (unpublished) (quoting Hanover Ins. Co. v. Corrpro Companies, Inc., 221 F.R.D. 458, 460 (E.D. Va. 2004)). "Rule 59(e) does not entitle [a party] to a second bite at the apple." 221 F.R.D. at 460. Moreover, "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403 (citing cases). It is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Willis has not satisfied the Rule 59(e) standard. The arguments Willis raises now could have been raised prior to the dismissal of the matter for lack of subject matter jurisdiction. The Internal Revenue Code sections and regulations, the Virginia statutes, and the regulations related to Social Security and Medicare that Willis cites in its memorandum in support of the Rule 59(e) motion could have been cited and argued in its initial response to the Defendant's motion to dismiss or in its supplemental response, which the Court permitted it to file.

3

On August 18, 2010, Walters filed the Corrected Wage and Tax Statement as an exhibit to his affidavit that was filed with Walters' memorandum in support of his motion to dismiss. (Docket No. 9). In its response to Walters' motion to dismiss (Docket No. 11, filed August 27, 2010), Willis noted that the issue with regard to the amount in controversy was the "taxes and social security benefits paid to the federal and state governments to the credit of the Defendant," but Willis did not cite any relevant federal or state tax statutes or regulations. It did not, in fact, address at all the Corrected Wage and Tax Statement that was attached as an exhibit and discussed in Walters' memorandum in support of its motion to dismiss. Nor was the Corrected Wage and Tax Statement addressed in the Secrist affidavit filed in support of its response. Thereafter, on September 2, 2010, the Defendant, in his reply, again discussed the Corrected Wage and Tax Statement. Def's Reply, at 2. In its supplemental response, filed with the Court's permission on November 8, 2010, Willis mentions the Corrected Wage and Tax Statement briefly but does not dispute statements made by Walters in his initial memorandum, affidavit, or reply. Instead, Willis confirms that it had filed "a corrected W-2," stating: "The plaintiff filed a corrected W-2 as stated in defendant's affidavit, but this only enables the defendant, not

the plaintiff, to get a refund of those monies[1] paid to the governments." Pl's Supp. Mem. in Response (Docket No. 19), at 2.

Based on (1) the statement by Willis that it had filed a corrected W-2 and (2) the Corrected Wage and Tax Statement itself which lists dollar amounts under columns entitled "Previously Reported" and "Correct Information," with various blocks labeled "Federal income tax withheld," "Social security tax withheld," and "Medicare tax withheld," one would reasonably infer that the Corrected Wage and Tax Statement was in fact filed with the IRS and that the amounts Willis actually withheld with regard to Walters were the amounts listed under "Correct Information." There was no further explanation or argument with regard to the Corrected Wage and Tax Statement from Willis. Despite the significance of the issue, Willis did not attempt to dispute statements made by Walters regarding the Corrected Wage and Tax Statement or to explain precisely what funds were paid to the state and federal governments, if the amounts differed

---

[1] Willis did not take this opportunity to clarify precisely what monies were in fact "paid to the governments," nor has it clarified the amounts in this latest round of briefing although it implies that Willis actually paid the state and federal governments the amounts listed on the Corrected Wage and Tax Statement under the columns entitled "Previously Reported."

from those listed in the columns entitled "Correct Information," and how Walters received the benefit of those funds.

The Corrected Wage and Tax Statement is an official business record that was prepared by Willis and sent to Walters on or about March 3, 2010. Its purpose is to provide corrected information to the Internal Revenue Service and the employee. In the briefing prior to the Court's dismissal for lack of subject matter jurisdiction, Willis stated that it filed the Corrected Wage and Tax Statement. The Court was entitled to rely on this official business record prepared by Willis and on Willis's statements. Willis is attempting to raise now arguments that it could have raised prior to the Court's dismissal for lack of subject matter jurisdiction, but Rule 59(e) motions may not be based on arguments that could have been raised prior to the Court's dismissal of the case.

Once the jurisdictional amount was challenged, it was Willis's burden to prove the jurisdictional amount, and it did not do so. "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." Biktasheva v. Red Square Sports, Inc., 366 F. Supp. 2d 289, 294 (D. Md. 2005). "[W]here a Plaintiff's allegations of jurisdictional facts are challenged, the Plaintiff must support

them by competent proof." Patrick v. Sharon Steel Corp., 549 F. Supp. 1259, 1261 (N.D. W. Va. 1982).

With regard to the three specific causes of action pled herein, a defendant can only be liable as a matter of law for those sums paid to him or from which he mistakenly or unjustly benefitted and, based on the Corrected Wage and Tax Statement, Walters did not benefit from any amounts withheld for taxes for the time period at issue. See Memorandum Opinion, at 10-11. Under Virginia law, neither an employee nor an employer has a property interest in amounts withheld for tax purposes. George v. Virginia, 667 S.E.2d 779, 782 (2008) (discussing a federal statute and a "virtually identical" Virginia statute and holding that "[w]hen such funds [those withheld from employees' wages for state income tax liability] are withheld, they are no longer the property of the employer or the employee."). Whatever amounts were withheld by Willis for taxes, they were not Walters' property nor could they be recovered from Walters.[2]

---

[2] Willis argues in its reply that Walters should be required to produce his 2009 federal tax return so it can be determined whether Walters claimed the federal and state taxes that Willis withheld. As with the arguments related to the various statutes and regulations Willis now cites, this is another argument that should and could have been made by Willis before the Court ruled on the motion to dismiss. When considering new evidence or arguments that were not presented before judgment was entered, "the court must satisfy itself as to the unavailability of the evidence and likewise examine the justification for its

The Court declines the Plaintiff's invitation to reexamine the conclusions it reached as set forth in its Memorandum Opinion of March 30, 2011. Plaintiff's new arguments could have been made prior to the dismissal for lack of subject matter jurisdiction but they were not. Thus, it is improper to consider them now - to allow the proverbial "second bite at the apple."

If there was an error, it did not result in "manifest injustice" because Plaintiff can file suit against the Defendant on these three state law claims in the state court system where a competent state judge will address the relevant legal issues. Aside from the legal issues, this should be a simple matter of accounting.

The MOTION TO ALTER OR AMEND THE JUDGMENT will be denied.

An appropriate order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 22, 2011

---

omission." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). These arguments and potential evidence were available before this matter was dismissed for lack of subject matter jurisdiction, and there is no justification for their omission.